# Estate of Thomas Radigan, Deceased. Appeal of W. S. Harris.

*Orphans' court—Administration accounts—Petition for review of account—Discretion of court.*

Where the report of an auditor on exceptions to an administrator's account has been confirmed, a petition to refer the account back to the auditor for the purpose of considering the allowance of collateral inheritance tax is an appeal to the sound discretion of the court, and the decision will not be reviewed except for abuse of such discretion.

*Appeal—Frivolous appeal—Attorney fee and damages.*

Where the administrator is himself an attorney, and the petition is not presented until about two years after the confirmation of the auditor's report, and the delay is due to his remissness, and it is manifest that the appeal was sued out merely for delay, the Superior Court will award the appellee an attorney fee of $25.00 and damages at the rate of six per cent per annum in addition to the lawful interest.

Submitted Nov. 22, 1899.   Appeal, No. 48, Oct. T., 1899, by W. S. Harris, administrator, from decree of O. C. Chester Co., dismissing petition to refer back to auditor a report made by him and duly confirmed.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by ORLADY, P. J.

Petition to refer auditor's report back to consider allowance of collateral inheritance tax.   Before HEMPHILL, P. J.

The facts sufficiently appear in the opinion of the court.

*Error assigned* was the dismissal of the petition.

*W. S. Harris*, for appellant.—It is the duty of the court to see that the plainest of mistakes are corrected, even after decree.

Payment to a legatee without a refunding bond, even after a decree making distribution, will not be ordered where the executor shows that certain creditors failed to present their claims : Freedley's Est., 5 Montg. 134.

An error on the face of the report of the auditor should be corrected : Jamison's Est., 1 Kulp, 146 ; Young's App., 99 Pa. 74.

*R. T. Cornwell*, with him *John J. Gheen* and *Gibbons Gray Cornwell*, for appellee.—The appeal cannot be sustained.   The matter rested in the sound discretion of the court below, and this court will not reverse except for a gross breach of that discretion.

An appeal does not lie from the refusal of the orphans' court to refer an auditor's report back for reconsideration : Patterson's Appeal, Supreme Ct. April 4, 1853, MS. ;  Purdon's Digest (12th ed.), 1653.

No appeal lies from an order or decree in reference to a matter resting in the sound discretion of the orphans' court : Bowers's Appeal, 84 Pa. 311.

The discretion of the court in opening a judgment will not be reviewed except for abuse : Renwick v. Richardson, 5 Pa. Superior Ct. 202 ; Heilner v. Falls Coal Co., 9 Pa. Superior Ct. 78 ; Walter v. Fees, 155 Pa. 55 ; Philadelphia v. Weaver, 155 Pa. 74 ; Walsh v. Ashford, 9 Pa. Superior Ct. 566 ; Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122 ; Kistler v. Scheirer, 10 Pa. Superior Ct. 220.

So of a refusal to continue or to grant a new trial : DeGrote v. DeGrote, 175 Pa. 50 ; Drenning v. Wesley, 189 Pa. 160 ; McKenney v. Fawcett, 138 Pa. 344 ; Commonwealth v. Railroad, 165 Pa. 44 ; Commonwealth v. Fitzpatrick, 1 Pa. Superior Ct. 518.   So of an application for a rehearing in a license case : Lauck's License, 2 Pa. Superior Ct. 53 ; and of a refusal to set aside a sheriff's sale : Miller v. Lash, 4 Pa. Superior Ct. 292.   So of a refusal to make absolute a rule for discontinuance on an alleged agreement between the parties : Bach v. Burke, 141 Pa. 649 ; and a refusal to open a judgment by de-

fault: Horner v. Horner, 145 Pa. 258; and a judgment on a scire facias to revive: Gibson v. Simmons, 134 Pa. 189.

There was nothing to prevent the prompt payment of both the legacy and the collateral tax. As soon as the shares were determined, the duty to pay the tax was imposed. The appellant cannot visit any portion of the penalty for nonpayment of the tax upon the legatees or the estate. No penalty accrued until the shares were determined, and thereafter there was no excuse for delay.

An executor will be surcharged with the penalty he was compelled to pay for neglect in paying the collateral tax on a legacy awarded in a previous account: Allen's Estate, 9 Pa. C. C. 328.

Opinion by Orlady, J., March 21, 1900:

On August 31, 1894, the appellant qualified as administrator of the estate of Thomas Radigan and filed his account one year thereafter. This account was referred to an auditor who filed his report on November 4, 1896, which was confirmed by the court on March 30, 1897, with an order directing the administrator to pay out in accordance therewith.

On January 16, 1899, the administrator presented his petition to the orphans' court praying that the account should be referred back to the auditor, "for the purpose of considering the allowance of collateral inheritance tax." After hearing, the court refused thus to refer the report of the auditor, and from this order the present appeal is taken. The case is submitted on the printed paper-books without oral argument. The appellant is a member of the bar and had control of his own case before the auditor and court below.

The order of which complaint is made is one resting in the sound discretion of the court, and from the record it is apparent that the delay in having the alleged dispute promptly disposed of was due to the remissness of the appellant, and that this appeal was sued out merely for delay is as free from doubt. The order of the court below is affirmed, the costs to be paid by the appellant. As further costs, an additional attorney fee of $25.00 is awarded the appellee, and damages at the rate of six per centum per annum in addition to lawful interest.